## GEORGE McMILLAN, RESPONDENT, *v.* THE SENECA LAKE GRAPE AND WINE COMPANY, APPELLANT.

*Mechanics' lien — foreclosure of — Evidence — Abandonment of contract — payments made after filing notice of lien — Effect of notice of lien — Surplusage in notice of lien — when it does not vitiate.*

In an action brought for the foreclosure of a lien, the defendant offered to prove that on the very day the lien was filed the contractor became unable to complete the building or to advance the necessary funds to purchase materials therefor and to pay laborers thereon, and that the defendant, in order to complete the building, was forced to and did purchase materials therefor and pay laborers thereon to an amount exceeding the price agreed to be paid in the contract. *Held,* that the evidence was properly rejected, as the offer did not

show that the contract had been abandoned, and the sums paid must be considered as payments made thereunder, after the lien was filed.

While the contract remains in force, no payment made to the contractor, after notice of lien has been filed by a sub-contractor, can affect the lien thereof.

The operation of the lien law, when a notice is filed by a sub-contractor, is to transfer to the lienor the contractor's claim against the owner *pro tanto*, and when the contract provides that the contractor shall receive eighty per cent of the value of the work as it progresses, and the work has been in part performed, it is incumbent on the owner, in an action by the lienor, to show that such eighty per cent was paid before the filing of the lien.

When the amount of a claim is specified in a notice of lien, the addition thereto of the words " with interest " does not vitiate the lien, but such words may be treated as surplusage.

Appeal by the defendant from a judgment entered upon the report of a referee. He found, among other things, that during the years 1871 and 1872, the defendant was engaged in erecting a building known as a wine cellar, upon premises owned by it in the town of Milo, in the county of Yates. That on the 27th day of July, 1871, the defendant, by its president and secretary, made, entered into and executed a written agreement with one S. B. Coe, for the erection of said wine cellar. That after the making and executing of said agreement between the defendant and the said S. B. Coe, and on the 31st day of July, 1871, the plaintiff and said Coe entered into a written agreement for the sale, delivery and furnishing of certain lumber and timber therein specified, to be used by the said Coe in the erection and construction of said wine cellar. That the plaintiff, on the 26th day of August, 1871, caused to be shipped and delivered at Shingle Point landing, on Seneca lake, timber and lumber which was received and accepted by Coe under, in pursuance of, and in part fulfillment of said last named contract, and contained in the bill or list. That on the 28th day of February, 1872, the plaintiff filed, in the clerk's office of Yates county, a notice of lien as required by statute, for the sum of $575. The notice alleged that the plaintiff had a claim against the defendant for " $575 and interest thereon, for lumber and material furnished," etc. That previous to the filing of such notice the defendant had paid to said Coe, upon said contract-price for the erection of the wine cellar and buildings, in money, the sum of $5,509.

That after the execution of the written agreement, the defendant

and Coe had an understanding or arrangement between them, by which the defendant was to aid said Coe in the erection of the building, board and furnish board for his workmen, furnish and haul stone, etc., at such times and in such amounts as suited the convenience of the defendant. That under said arrangement the defendant did furnish board for the workmen of the said Coe, and also furnished him with stone, labor, hay and oats, to the amount and value of $869.

That after the filing of plaintiff's lien, on the 28th day of February, 1872, the defendant, under such arrangement and understanding, voluntarily furnished board to said Coe and his workmen to the amount and value, as agreed upon between Coe and the defendant, of $780, which, with the amounts thereof paid to said Coe in money, board, labor, etc., exceeded the contract-price for the erection of said wine cellar and building in the sum of $136. That at the time of the furnishing by the defendant of the board, materials, etc., previous to the 28th of February, 1872, the same were furnished by said defendant without any collusion or design to defraud the plaintiff.

That at the time of the filing of said plaintiff's notice of lien, there was yet to grow due upon said contract, over and above the previous payments, the sum of $572.

That in November, 1872, Coe substantially completed the building under the contract, and the defendant went into possession of the same.

The referee found that the plaintiff was entitled to judgment.

*Butler & Searl*, for the appellant.

*William S. Briggs*, for the respondent.

GILBERT, J. :

The case contains several exceptions besides those insisted on by the appellant's counsel. Upon examination, we think those omitted were properly waived on the argument, and we shall not discuss them.

The objection that the notice of lien did not accurately specify the amount of the claim, we think was properly overruled. An amount was stated, and the addition of the words, " with interest," did not vitiate the notice, because, if need be, they may be rejected

as surplusage. It was proper to show that the date, twenty-first January, in the schedule annexed to the complaint, was inserted therein by a clerical mistake which occurred in transcribing it from another paper, and it was quite immaterial whether the latter was an original paper or a copy. The mistake might have occurred in transcribing from the one as well as the other.

When the plaintiff rested, enough had been shown to establish, *prima facie*, that the defendant was indebted in some amount to Coe, the contractor. The operation of the lien law is to transfer to the lienor the contractor's claim against the owner *pro tanto*. It is a form of equitable subrogation. The plaintiff having proved the contract by which the defendant agreed to pay eighty per cent of the value of the work as it progressed, and that the contractor had performed it in part, the indebtedness of the defendant to him appeared, and it was incumbent on the defendant to prove that it had been discharged. (Phil. Mech. Lien, § 63.) The work was in progress under the contract when the suit was commenced, and twenty per cent of the value of it would become due thereafter. The plaintiff was clearly entitled to intercept the payment of a part of that. There was no error, therefore, in denying the motion for a nonsuit.

In the course of the trial, the defendant offered to prove that, on the very day the lien was filed, the contractor became unable to complete the building, or to advance the necessary funds to purchase materials therefor, and to pay laborers thereon, and that the defendant, in order to complete the building, was forced to and did purchase materials therefor and pay laborers thereon, to an amount exceeding the price agreed to be paid in the contract. This evidence was properly rejected, for the reason that the offer did not embrace the proposition that the contract had been abandoned. *Non constat* the acts of the defendant were done under an agreement with the contractor, that the sums so expended should be treated as payments under the contract. Indeed, such appears to have been the fact. If, when a notice of lien is filed in a case like this, the contractor has been fully paid for all work done prior to that time, and, for any cause, the contract is mutually abandoned, the lien will be defeated, for nothing can thereafter become due to the contractor. The statute expressly limits the

lien to the sum which the contract renders the owner liable to pay. But, while the contract remains in force, no payments to the contractor on account thereof, after the notice of lien has been filed, can affect the lien. It is immaterial whether such payments were made in the mode provided by the contract, or in a substituted form, for the statute gives the lienor his lien for the value of his labor or materials, subject only to the limitation before mentioned. The plain operation of the statute is to entitle the lienor to so much of the claim of the contractor against the owner, as will be sufficient to satisfy his demand against the contractor. In other words, the lienor succeeds to the right of the contractor to receive the payments, and a payment to the contractor, after the lienor has filed his notice of lien, can in no wise affect or impair the rights of the latter. The statute places such payments on the footing of a payment to the wrong person. (*Carman* v. *McIncrow*, 3 Kern., 70.) It may be added, that the answer does not set up that the contract had been abandoned.

These payments not being available to defeat the lien, it remained; and if the contractor could have recovered them in case they had not been made, the plaintiff may do so notwithstanding they were made. The fact that they were made under the contract, is satisfactory evidence, in the absence of proof of fraud or mistake, that they were due. The referee has so found in substance, and it is immaterial to inquire whether other propositions embraced in his findings are erroneous or not.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.